# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FORT SMITH DIVISION

| | |
|---|---|
| **DARLA BLOOMDAHL,**<br><br>Plaintiff,<br><br>v.<br><br>**THE HARTFORD, US AIRWAYS, AMERICAN AIRLINES, and ENVOY AIR, and SUBSIDIARIES,**<br><br>Defendants. | Case No. 21-2029<br><br>**FILED**<br>US DISTRICT COURT<br>WESTERN DISTRICT<br>OF ARKANSAS<br><br>Jan 29, 2021<br><br>OFFICE OF THE CLERK |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Hartford Life and Accident Insurance Company ("Hartford"), incorrectly named as "The Hartford"; American Airlines, Inc., incorrectly named as "American Airlines"; and Envoy Air Inc., incorrectly named as "Envoy Air" (collectively, "Defendants") jointly give notice of the removal of the above-styled case from the Circuit Court of Franklin County, Arkansas, where it is now pending as case number 24OCV-20-129, to the United States District Court for the Western District of Arkansas, Fort Smith Division.[1] As discussed below, removal of this action is proper pursuant to

---

[1] Although it appears in the caption as a named party, US Airways has merged into American Airlines, Inc. and is no longer a separate entity. No summons was issued in its name. The "Subsidiaries" named in the case caption are not otherwise identified, and no other summonses were issued.

this Court's federal question subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claims against Hartford invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. As grounds for removal, Defendants state as follows:

## REMOVAL PROCEDURES

1. On December 14, 2020, Plaintiff Darla Bloomdahl filed a Complaint in the Circuit Court of Franklin County, Arkansas, in the civil action styled *Darla Bloomdahl v. The Hartford, et al.,* No. 24OCV-20-129 (the "State Court Action").

2. Service was made on CT Corporation as agent for service of process for Envoy Air Inc. on January 8, 2021. Service was made on CT Corporation as agent for service of process for American Airlines, Inc. on January 11, 2021. No proper service has yet occurred on Hartford. This Notice of Removal, therefore, has been filed within thirty days of service of the Complaint and Summons upon Envoy Air and American Airlines and prior to service on Hartford, and is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and the Summonses served on Envoy Air and American Airlines, which are the only filings from the State Court Action served on Defendants, are attached hereto as "Exhibit A."

4. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under ERISA.

5. The United States District Court for the Western District of Arkansas is the federal judicial district embracing the Circuit Court of Franklin County, Arkansas, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 83(b)(3) and 1441(a).

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff on this date, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court of Franklin County, Arkansas.

## ALLEGATIONS OF THE COMPLAINT

7. The Complaint asserts a purported claim for breach of contract for failure to pay benefits under disability insurance policies as part of her employer's benefit plan. (*See* Compl. at 1 (¶ 2), 2 (¶¶ 5-6), 3 (¶¶ 10-13), 4-5 (¶¶ 16-19)). The Complaint further seeks "an 'early out' package" she believes she deserves from American Airlines and Envoy Air. (*See* Compl. at 5 (¶¶ 20-22)). In the end, Plaintiff contends that Defendants worked "in concert" to "effectively bloc[k] her from receiving any benefits that she may be entitled to." (*See* Compl. at 5 (¶ 23)).

8. Hartford issued Group Policy No. GLT-402906 (the "Policy") to Envoy Air Inc. ("Envoy") to insure the long-term disability ("LTD") component of Envoy's employee welfare benefits plan. As an employee of Envoy, Plaintiff was covered under the Policy. A copy of the Policy, referenced in Plaintiff's Complaint, is attached hereto as Exhibit B. The Policy includes additional information expressly referencing ERISA and providing a statement of participant's rights under ERISA. (*See* Exhibit B at 67-72). The letter from Hartford that Plaintiff attaches to her Complaint also informs her of her rights under ERISA. (*See* Exhibit A to Compl.).

9. Plaintiff alleges that she is entitled to contractual benefits and attorney's fees and costs from Defendants. (Compl. at 5 (¶ 19), 6 ("Wherefore" paragraph)).

## FEDERAL QUESTION JURISDICTION

10. The Policy under which Plaintiff seeks benefits is governed by ERISA, thus Plaintiff's state-law claims against Hartford are completely preempted and are governed exclusively by ERISA. As a result, removal is appropriate because Plaintiff's claim relates to a group insurance policy that is part of an employee welfare benefit plan as defined by ERISA and seeks the same relief that is available under Section 502 of ERISA.

11. When a federal statute completely preempts state-law causes of action, a claim within the scope of the preempted causes of action is converted into a claim arising under federal law for purposes of removal jurisdiction. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004). ERISA's civil enforcement provision, ERISA § 502(a), codified as 29 U.S.C. § 1132(a), has "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Hence, causes of action within the scope of the civil enforcement provisions of § 502(a) are removable to federal court." *Davila*, 542 U.S. at 209 (internal citations, brackets, and quotation marks omitted).

12. The Eighth Circuit has held that "causes of action within the scope of, or that relate to, the civil enforcement provisions of § 502(a) are removable to federal court despite the fact the claims are couched in terms of state law." *Lyons v. Philip Morris Inc.*, 225 F.3d 909, 912 (8th Cir. 2000) (holding that suit by benefit plan trustees seeking reimbursement from tobacco companies for plan benefits paid to treat beneficiaries' smoking-related illnesses was within scope of § 1132(a) and properly removed to federal court). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Lyons*, 225 F.3d at 912.

13. Because plaintiff's state-law claims relate to an ERISA plan and fall within the scope of § 502(a), they are completely preempted and subject to removal. *See Burkett v. Sun Life Assurance Company of Canada*, 958 F. Supp. 432, 435-37 (E.D. Ark. 1997) (holding that plaintiff's claims under Arkansas law for breach of contract and statutory penalties for failure to pay benefits were preempted by ERISA); *see also Estes v. Fed Express Corp.*, 417 F.3d 870, 872 (8th Cir. 2005) (affirming district court's finding that state-law claims for benefits under an ERISA plan were completely preempted); *Hull v. Fallon*, 188 F.3d 939, 943 (8th Cir. 1999) (holding that, notwithstanding attempt to characterize claims against health plan administrator as state-law claim for medical malpractice, claims were properly removed to federal court and completely preempted by ERISA because the plaintiff's "claims relate to the administration of benefits" under ERISA plan).

14. Because Plaintiff's claim for benefits arises under an employee benefit plan governed by ERISA, the claim is preempted by ERISA and there exists a federal question arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331. Jurisdiction over any state law claim of Plaintiff is proper pursuant to 28 U.S.C. § 1441, and therefore this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1441.

15. To the extent Plaintiff's claims against American Airlines and Envoy Air arise from administration of the ERISA-governed Plan, they are also preempted for the same reasons as set out above. To the extent those claims are not preempted by ERISA, this Court may exercise supplemental jurisdiction over them under 28 U.S.C. § 1367.

16. Removal of this action to the United States District Court is proper.

## MISCELLANEOUS

17. A copy of this Notice of Removal is being filed with the Circuit Court of Franklin County, Arkansas, as provided by law, and written notice is being sent to Plaintiff's Counsel.

18. Along with this Notice of Removal, Defendants will tender to the Clerk of this Court the funds necessary to secure removal.

19. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

20. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Western District of Arkansas.

21. If any question arises as to the propriety of this removal, Defendants respectfully request the opportunity to present a brief and argument in support of its position.

WHEREFORE, Defendants Hartford Life and Accident Insurance Company, American Airlines, Inc., and Envoy Air Inc., by and through their undersigned counsel, pray that the above action currently pending against it in the Circuit Court of Franklin County, Arkansas, be removed to this Court.

Respectfully submitted on this the 26th day of January 2021.

*[signature]*

John A. Smyth III
William B. Wahlheim, Jr. (*pro hac vice* to be filed)
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35203-2618
(205) 254-1000 (phone)
(205) 254-1999 (facsimile)
jsmyth@maynardcooper.com
wwahlheim@maynardcooper.com

*Attorneys for Defendant Hartford Life and Accident Insurance Company*


*[signature]*

Eva C. Madison (98183)
LITTLER MENDELSON PC
217 East Dickson Street, Suite 204
Fayetteville, AR 72701
(479) 582-6100
emadison@littler.com

*Attorney for Defendants American Airlines, Inc. and Envoy Air Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on 26th, 2021, I filed the foregoing with the Clerk of Court and have sent a copy of the same via electronic mail and regular U.S. Mail to the following:

Blake A. Ray (ABA# 2015084)
Caddel Reynolds, P.A.
P.O. Box 184
Fort Smith, AR 72902
T: (479) 782-5297
F: (479) 782-5184
bray@justicetoday.com

_____
OF COUNSEL