FILED FOR RECORD
FRANKLIN CO. CIRCUIT CLK
RECORDED IN BOOK____PAGE____

2020 DEC 14 PM 1: 24

*Jamie King*

CLERK & EX-OFFICIO RECORDER

BY_____D.C.

## IN THE CIRCUIT COURT OF FRANKLIN COUNTY, ARKANSAS
## OZARK DISTRICT
## CIVIL DIVISION

**DARLA BLOOMDAHL**                                                    **PLAINTIFF**

**v.**                         CASE NO.: 24OCW-20-129

**THE HARTFORD**                                              **FIRST DEFENDANT**

**US AIRWAYS, AMERICAN AIRLINES, and**
**ENVOY AIR, and SUBSIDIARIES**                        **SECOND DEFENDANT**

### COMPLAINT OF LAW

COMES NOW, the Plaintiff Darla Bloomdahl, by and through her attorney Blake A. Ray, Attorney at Law of Caddell Reynolds, P.A., and for her Complaint of Law, states as follows:

1.     The Plaintiff hereto is a resident of the Ozark District of Franklin County, Arkansas, and has been for sufficient time to bring this cause to action.  The First Defendant and Second Defendant are nationwide corporations that hold themselves out as entities permitted to do business within the State of Arkansas.  Therefore, this Court has jurisdiction over the parties and subject matter, and venue is proper.

2.     Plaintiff states that both the First Defendant and Second Defendant have breached contracts and duties owed to her based on her employment with the Second Defendant and/or its subsidiaries.

3.     First, Plaintiff states that she was denied early out/retirement benefits from the First Defendant, after a number of years of service with the same.  Plaintiff was also

informed at this time, this would not affect her ability receive flight benefits should she accept the package offered to her.

4.      Second Defendant failed to provide Plaintiff with written notice of the terms and provisions of her agreement, and had they adequately advised her and/or provided her with the written terms and provisions, she would not have elected to agree to the "early out" arrangement that she was presented with.

5.      Additionally, Plaintiff has been in poor health, and attempted to apply for any benefits she was eligible for First and Second Defendants.  As part of such efforts, Second Defendant advised her to apply for short-term and/or long-term disability benefits offered by the First Defendant.

6.      Plaintiff heeded the advice of Second Defendant and filed for such benefits. Plaintiff was subsequently denied, appealed the denial, and exhausted the remainder of her administrative remedies.  As such, she was provided with a right to sue notice, and was given a statute of limitations that extends out to March 26, 2023.  (See Attached Plaintiff's Exhibit "A").

7.      Second Defendant subsequently approved her to be off work, without pay, under the Family Medical Leave Act ("FMLA" herein).  The Defendants realized that her impairments were severe, as she was authorized to be on FMLA leave for one (1) full year. (See Attached Plaintiff's Exhibit "B").

8.     Plaintiff was employed by Second Defendant and/or its subsidiaries at all relevant times, and had various benefits through the company, including health insurance, short-term disability, long-term disability, and other substantive benefits.

9.     Plaintiff had automatic payroll deductions to pay for these services, and ensured that such premium payments were made regularly, and on time while she was employed by Second Defendant and/or any of its subsidiaries.

10.     Plaintiff filed her claim as advised by the Second Defendant, and First Defendant denied said claim.   Plaintiff continued appealing such decisions until First Defendant notified her that they were no longer willing to review her claim, and that all administrative avenues for relief had been exhausted at this time.   Exhibit "A" mentioned above, demonstrates that such remedies have been exhausted.

11.     As such, Plaintiff asserts that she had a contractual relationship with the First Defendant, such that she was required to make monthly premium payments for her short-term and long-term disability plans, and then applied for relief in accordance with the same.

12.     To date, First Defendant has not released any funds to Plaintiff, nor have they taken any other steps to assister during this time she has been out of work.

13.     Plaintiff has been suffering from substantial health issues, and even attempted continuing to work while having said health issues.

14.     Plaintiff points out that such short-term and long-term disability benefits is specifically meant to assist and protect someone when they are no longer able to perform their job duties, and/or the job they have been trained to do.

15.     Plaintiff received special and specific training from Second Defendant on how to perform her job, and her work history is, and has been related to work performed in accordance with the special/specific training that she received.

16.     Due to Plaintiff's illness and impairments, she is unable to perform those duties, and/or similar duties within the workplace. Her health has further eroded such that it has significantly reduced her ability to sustain and regular full-time employment, and/or otherwise remain in a position to perform substantial gainful activity.

17.     Plaintiff is clearly unable to perform her job, her expected job duties, and is unable to obtain similar employment based upon her specific training, education, and skills.

18.     Therefore, First Defendant should have found the Plaintiff disabled under their rules and definitions, and she should have been awarded the benefits that she applied for. First Defendant has not honored their obligations under the contract between Plaintiff and First Defendant, as they have not released any funds to her under the provisions of the policy, despite receiving the evidence they have requested regarding the Plaintiff's health, disability, and ongoing impairments. As such, they are in breach of the contract discussed herein.

19.    Plaintiff therefore requests that she start receiving the appropriate payment each pay period immediately, and that she receive retroactive payments back to the date she filed her claim with the First Defendant.

20.    Plaintiff would also request that she be appropriately compensated for her time in service with the Second Defendant and/or its subsidiaries, as she was a long time, dedicated employee of the same.

21.    As such, she feels that both Defendants are liable to her based upon her employment, and employment history with Second Defendant, and based upon the advice received from and the payments withheld by, the Second Defendant, so that she would have access to the policy offered by the First Defendant.

22.    Plaintiff respectfully requests that she be awarded an "early out" package that actually reflects the time, effort, and loyalty that she displayed for the Second Defendant and/or its subsidiaries throughout her career.  Plaintiff should at least have been afforded the same flight benefits offered to the majority of individuals that opted for an "early out" from Second Defendant and/or its subsidiaries, the large majority of whom, lack the time in service that Plaintiff has given during her career.

23.    Plaintiff therefore asserts that the First Defendant and Second Defendant, working in concert have effectively blocked her from receiving any benefits that she may be entitled to that have been and/or were available through the Defendants, and through which she expended much of her time, energy, and money for.

24.     Plaintiff requests to be reimbursed for all attorney's fees and costs associated with bringing this cause to action, as she would not have incurred such costs, but for the actions of the Defendants herein.

25.     Plaintiff demands trial by jury.

WHEREFORE, the Plaintiff Darla Bloomdahl, respectfully prays that this Court grants her Complaint of Law; that the Defendants be found in breach of their contractual obligations to the Plaintiff; for the relief set out in the above Complaint; for reasonable attorney's fees and costs; for a jury trial; and for any and all other relief to which she may be entitled.

Respectfully Submitted,
DARLA BLOOMDAHL, Plaintiff

By:     _____

Blake A. Ray, ABA# 2015084
Attorney at Law
CADDELL REYNOLDS, P.A.
P.O. Box 184
Fort Smith, Arkansas 72902
479-782-5297 – Telephone
479-782-5184 – Facsimile
bray@justicetoday.com

Page Two
Re: D. Bloomdahl

Ultimately, the information on file establishes your client was not insured under the Policy for more than 12 consecutive month(s) prior to her date of loss and the medical evidence on file establishes that she did indeed receive "Medical Care" for her medical conditions during the look-back period of March 10, 2018 through June 9, 2018 which are Pre-existing in nature including diabetes mellitus, diabetic retinopathy and hypothyroidism.

Therefore, based on the contractual provisions of the Envoy Air Incorporated Long Term Disability Policy, the medical documentation on file and the information received on appeal, your client is not eligible for benefits.

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to this claim. You have the right under Section 502(a) of ERISA to bring a civil action disputing this adverse benefit decision. Although the Policy's Legal Actions provision contractually limits the time within which you may file such a civil action to no more than 3 years after the date Proof of Loss is required under terms of the Policy, we hereby extend the time for you to file a civil action disputing this adverse benefit decision to no later than March 26, 2023, which is 3 years from the date of this appeal decision.

Please be advised that our claim decision is now final as administrative remedies available under the Policy have been exhausted.

If you have any questions, please call me at 952-656-6658. Our hours are Monday through Friday, between 8:00 AM - 5:00 PM CST.

Sincerely,

*Erik M. Solem*
Erik M. Solem, Sr. Appeal Specialist
Hartford Life and Accident Insurance Co.

Benefit Management Services
Sacramento Disability Claim Office
The Hartford
P.O. Box 14302



# FMLA Source®

455 N. Cityfront Plaza Drive, 13th Floor
Chicago, IL 60611-5322
Phone: 844-268-4856
Fax: 877-309-0218

https://my.envoyair.com/loa



Attn: Envoy Air, Inc.

Leave Request # 3120492

8/27/2020

Employee ID # 00779286

Darla Bloomdahl
1085 County Road 4021
Ozark, AR  72949

Dear Darla,

This letter confirms decisions made regarding your recent request(s) for leave from your position at Envoy Air, Inc. for your own serious health condition. The following are the most recent decisions for your current leave request and are based on certification completed by your healthcare provider:

Below you will see detail around the requested time.

- Details may relate to your recent request and/or from previously-requested time, and may include dates that are already approved.
- The time requested may be denied, pending or approved. The categories below will explain which parts of your requested leave are in which status.
- There are different leave laws, regulations or plans that apply to the time you requested. These are noted in the "Applicable Leave Plan(s)" boxes. Note that the time may apply under one or more of the laws, plans, etc.

**The following dates are approved:**

| On Continuous Leave | Beginning on 9/12/20 | Ending on 9/11/21 |
|---|---|---|
| Decision = Approved | Decision Reason = | |
| Estimated frequency of absence: On a continuous basis | | |
| Applicable Leave Plan(s): Medical Leave_Ground (3 year) | | |

**The following dates are denied:**

| On Continuous Leave | Beginning on 9/12/20 | Ending on 9/11/21 |
|---|---|---|
| Decision = Denied | Decision Reason = Ineligible - Hours Worked | |
| Applicable Leave Plan(s): FMLA | | |

## What You Need To Know

Envoy ("the Company") will review any employee's request for an unpaid medical lea[...]
where the leave does not qualify for protection under the Family Medical Leave Act ("[...]
accordance with guidelines set forth below.

Effective January 1, 2017, a period of incapacity of fewer than 10 consecutive days v[...]



EXHIBIT

B

tabbies